UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD M. HILL,

    Petitioner,

v.

File No. 2:07-CV-181

HON. ROBERT HOLMES BELL

GREG MCQUIGGIN,

    Respondent.
                                   /

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE REPORT AND RECOMMENDATION

This matter is before the Court on a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by Petitioner Bernard Hill. On December 22, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 18.) The Court issued an order permitted Petitioner to file his objections by March 25, 2010, and he filed objections on March 17. (Dkt. No. 21.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The first of Petitioner's claims in his habeas petition is that his conviction for a probation violation was based on a probation order that was not valid because it was not

signed. The R&R determined that this claim is without merit, noting that Petitioner voluntarily and knowingly entered a guilty plea with respect to the probation violation. In other words, Petitioner effectively waived any objection to the validity of the probation order by admitting that he was guilty of violating it.

In his objections, Petitioner asserts that his plea was not valid because he did not know that the probation order was invalid when he entered into the guilty plea. He asserts that his counsel should have informed him of this fact.

Plaintiff's objection is without merit. His lack of knowledge regarding the alleged deficiency of the probation order did not render his plea invalid. *See United States v. Broce*, 488 U.S. 563, 573 (1989) ("Our decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty. Waiver in that sense is not required.").

To the extent Petitioner claims that his guilty plea was the product of ineffective assistance of counsel, Petitioner does not argue, or attempt to show, that his counsel's performance was objectively unreasonable, or that Petitioner was prejudiced, according to the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). Thus, Petitioner's objection will be denied.

Next, Petitioner asserts, without further elaboration, that his current sentence exceeds the correct statutory sentencing guidelines. Upon review, the Court discerns no error in the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation (Dkt. No. 21) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 18) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** with respect to all of Petitioner's claims.


Dated: August 31, 2010          /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE